# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RONALD E. WOODS AND KARRIE WOODS, Husband and Wife, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. CIV-18-939-R<br>) |
| GRANT & WEBER, INC., a foreign for-profit corporation | )<br>)<br>) |
| Defendant. | ) |

## ORDER

Before this Court is Plaintiffs' Motion for Summary Judgment, Doc. 11. Defendant has responded, Doc. 13; Plaintiffs have not replied; and the matter is at issue. Having considered the parties' submissions, the Court finds as follows.

On September 26, 2018, the Plaintiffs filed their *pro se* complaint, asserting claims under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, and the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq*. *See* Doc. 1. The Defendant answered on October 23, 2018. *See* Doc. 7. The Plaintiffs filed the instant motion on November 5, 2018, arguing that Defendant impermissibly accessed Plaintiffs' consumer credit report in violation of the FCRA. *See* Doc. 11, at 1–2. Defendant's response asserts that Plaintiffs' motion fails summary judgment standards under Fed. R. Civ. P. 56 and, even if Defendant accessed Plaintiffs' credit report, they did so for a permissible reason. *See* Doc. 13, at 5 (citing 15 U.S.C. § 1681b).

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670–71 (10th Cir. 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). While the Court construes all facts and reasonable inferences in the light most favorable to the non-moving party, *Macon v. United Parcel Serv., Inc.*, 743 F.3d 708, 712–13 (10th Cir. 2014), "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [trier of fact] could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). With *pro se* litigants, such as Plaintiffs, the Court liberally construes their motions, but will not act as their advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Here, the Court need not delve too deeply into the merits of Plaintiffs' motion because Plaintiffs seek summary judgment on a claim not included in the complaint. Plaintiffs' summary judgment motion is generally hard to follow, but construed liberally it seems to center on alleged actions taken by the Defendant "[b]etween October 2, 2018 and October 19, 2018." Doc. 11, at 1. Plaintiffs' complaint, however, concerns alleged violations (thousands, in fact) of the FDCPA and FCRA occurring between July 2016 and August 2018. *See* Doc. 1, at 3–8. The complaint itself was filed at the end of September 2018, at least several days (if not weeks) before the purported events forming the substance of Plaintiffs' summary judgment motion.

In the Tenth Circuit, an "issue raised for the first time in a motion for summary judgment may properly be considered [as] a request to amend the complaint, pursuant to Federal Rule of Civil Procedure 15." *Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1203 (10th Cir. 2018) (alterations original) (quoting *Pater v. City of Casper*, 646 F.3d 1290, 1299 (10th Cir. 2011)). The Court should freely give leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). Incidentally, Plaintiffs filed their summary judgment motion within 21 days of service of Defendant's answer. Under Rule 15, "[a] party may amend its [complaint] once as a matter of course within . . . 21 days after service of a responsive pleading . . . ." Fed. R. Civ. P. 15(a)(1)(B). Thus, at the time Plaintiffs filed their summary judgment motion, they were entitled to amend their complaint without leave of Court. To the extent Plaintiffs require such leave now, the Court freely grants it. Should Plaintiffs wish to pursue the claim described in their summary judgment motion, they will file an amended complaint within 15 days of the date of this Order.

The Court also notes that "[m]otions for summary judgment should be decided on the claims as pled, not as alleged in motion papers." *N. Shipping Funds I, L.L.C. v. Icon Capital Corp.*, 998 F. Supp. 2d 301, 326 (S.D.N.Y. 2014); *see also* Fed. R. Civ. P. 56(a) ("A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought."); *Vetromile v. JPI Partners, LLC*, 706 F. Supp. 2d 442, 456 (S.D.N.Y. 2010) ("A party may not automatically raise a claim at summary judgment that he did not plead."). If Plaintiffs want the Court to consider particular claims or theories, they should include them in their amended complaint, as this document forms the case's contours.

Plaintiffs' motion, as a motion for summary judgment, is DENIED. However, Plaintiffs are GRANTED leave of Court to file an amended complaint. Plaintiffs shall file an amended complaint, should they wish to do so, within 15 days of this Order.

IT IS SO ORDERED this 11th day of December 2018.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE